*CINCINNATI TRACTION CO. v. HARRY LUEBKERT.

**Passenger, Negligent in Alighting from Street Car in Motion After Having Stopped at Street Corner.**

A passenger, alighting from a street car in motion after it has stopped to let off passengers at a street intersection and then started around the corner before he reached the lowest step, is negligent and a verdict for plaintiff will be reversed as against the evidence in the absence of any evidence that the car was stopped when plaintiff stepped from the last step.

ERROR to common pleas court.

*Kinkead & Rogers,* for plaintiff in error.
*Horstman & Horstman,* for defendant in error.

**JONES, O. B., J.**

The action below was brought by Henry Luebkert to recover damages for personal injuries received by him in alight-

---

*Dismissed, no op., Luebkert v. Traction Co. 58 Bull. 459.

Traction Co. v. Luebkert.

ing from a street car on which he was a passenger at Twelfth and Main streets in Cincinnati, Ohio.

The car ran east on Twelfth street and stopped just before it reached Main street for passengers to get off, and then turned the corner southward down Main street.

Plaintiff alleges in his petition that when the car stopped at the usual place for passengers to alight, he and other passengers prepared to alight from said car by means of the front platform and steps provided for such purpose; that two or three passengers immediately in front of plaintiff succeeded in so alighting, and plaintiff was preparing to step from the front steps of the front platform when the conductor signaled for the car to proceed and the motorman, responding to the signal, started the car while plaintiff was in the act of getting off, and he was thus caused to fall on the street his feet landing on the street while with his hands he still held to handle bars alongside of the front steps and was dragged and his back was struck severely against the front steps and front part of said car.

The Traction Company denies that plaintiff was injured while he was alighting from the car after it had been brought to a full stop, but avers that his injuries were caused by his leaving the car while it was in motion rounding the curve at the corner turning into Main street.

The issue raised therefore is a direct one of fact. The testimony is unusually clear and without conflict. It appears that two, probably three, passengers preceded Luebkert in going to the front of the car when it neared Main street for the purpose of getting off. Two of these were called as witnesses by plaintiff, and gave their testimony. Both of them agree that they preceded plaintiff and that the car had stopped for the discharge of passengers and had started up again before either of the three attempted to get off. Bolander, who was in the lead of the three, waited for the car to swing around the curve so he could step off conveniently on the sidewalk. Zimmerman who followed him also says that he got off while the car was in motion, and plaintiff himself testified that he waited inside the vestibule and on the "top step" to let the other three get off

before he stepped on the lower step to get off, and then he realized the car was moving, and being timid because of his unsound leg, but unable to remain standing on the step, stepped or fell down to the street and still holding the handle bar was dragged by the car a short distance until it was stopped, and thus injured.

As these three passengers got off one after the other with plaintiff last, as all agree, and as both Bolander and Zimmerman are clear that the car was moving when they each got off, and as the car made no stop after starting round the curve until the accident had happened to plaintiff, it follows as a physical necessity that the car was moving when plaintiff got on the lower step and stepped off. Plaintiff himself admits it and there is no evidence contradicting it.

A special interrogatory was submitted to the jury in these words:

"Was the car moving in the curve, rounding the corner of Twelfth and Main streets, when Luebkert, the plaintiff, placed himself on the front step preparatory to leaving the car?"

To which the jury answered "No." This carries no particular weight, as undoubtedly plaintiff was inside the vestibule and on the upper step or platform some little time while waiting for those who preceded him to alight, and the wording used in the interrogatory might well be understood by the jury to refer to the period of time when he placed himself on the front platform, or "top step" as he called it, rather than his position on the lower step, which latter as we have seen must have been while the car was moving around the curve.

The vedict was not sustained by the evidence, and the court below should have granted defendant's motion to instruct the jury to return a verdict for defendant. Judgment will be reversed, and judgment entered here for defendant.

**Swing** and **Jones, JJ.,** concur.